UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DEWEY MASON, individually and on behalf of all others similarly situated,

        Plaintiff,

  v.

WRIGHT BROTHERS CONSTRUCTION COMPANY, INC.

        Defendant.

Case No.

**NOTICE OF REMOVAL**

Defendant Wright Brothers Construction Company, Inc. ("WBCC"), hereby removes to this Court the state court action titled *Dewey Mason, individually and on behalf of all others similarly situated v. Wright Brothers Construction Company, Inc.*, Case No. 2024cv286, filed in the Chancery Court of Bradley County, Tennessee, Tenth Judicial District, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

**I.    BACKGROUND**

1. On November 11, 2024, Plaintiff Dewey Mason mailed a copy of his Class Action Complaint ("Complaint") to Defendant WBCC via certified mail. Defendant received the Complaint on or about November 14, 2024. A copy of the Complaint is attached hereto as Exhibit A to this Notice.

2. According to the Complaint, Plaintiff is a resident and citizen of Adairsville, Georgia. (Compl., ¶8.)

3. Defendant is a corporation organized under the laws of Tennessee with its principal place of business in Charleston, Tennessee. (Compl., ¶9.)

4. In the Complaint, Plaintiff alleges that in April 2024, Defendant was the victim of a data breach wherein hackers gained access to its information systems and exfiltrated at least 12 GB of data containing the personal identifying information ("PII") of Plaintiff and other similarly situated customers, including their names and Social Security Numbers. (Compl., ¶¶1, 2, 6.)

5. Plaintiff alleges that the data breach "likely affected thousands of its current and former employees given that Defendant operates in multiple states and has at least 400 employees at any one time and some reports the number is 700 during peak season. (Compl., ¶7.)

6. Plaintiff alleges that Defendant lacked the appropriate logging, monitoring, and alerting systems to enable it to identify the attack, and that Defendant failed to take appropriate steps to protect PII and failed to implement and maintain adequate data security measures. (Compl., ¶¶3, 23, 25.)

7. Plaintiff seeks to represent a putative nationwide class consisting of "[a]ll individuals residing in the United States whose PII was compromised in the Data Breach and to whom Defendant sent an individual notification that they were affected by the Data Breach." (Compl., ¶78.)

8. Plaintiff asserts causes of action for (1) negligence and negligence per se, (2) breach of implied contract, and (3) bailment. *See* Compl.

9. Plaintiff seeks to recover on behalf of himself and the putative class actual damages, compensatory damages, nominal damages, punitive damages, attorneys' fees, and other expenses including expert witness fees. (Compl., Prayer for Relief at (D)-(F).)

10. Plaintiff also seeks equitable relief and injunctive relief that includes the following: (a) requiring Defendant to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct certain testing on a periodic basis; (b) requiring

2

Defendant to engage independent third-party security auditors to run automated security monitoring; (c) requiring Defendant to audit, test and train personnel; (d) requiring Defendant to segment data; (e) requiring Defendant to conduct regular database scanning; (f) requiring Defendant to establish an information security training program and conduct internal training and education; (g) for a period of seven (7) years, requiring Defendant to implement logging and monitoring programs; and (h) requiring Defendant to appoint a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendants compliance with the terms of the Court's final judgment. (Compl., Prayer for Relief at (B) and (C).)

11. Defendant has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

12. This Notice of Removal is timely because it has been filed within thirty (30) days of November 11, 2024, the date upon which the Complaint was sent via certified mail to Defendant.

13. Removal to this Court is proper because it is the "district . . . embracing the place" in which the state court action is pending. *See* 28 U.S.C. § 1441(a).

## II. GROUNDS FOR REMOVAL

14. Jurisdiction in this Court is appropriate under 28 U.S.C. §§ 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this matter involves a putative class action, and: (1) a member of the class of plaintiffs is a citizen of a state different from WBCC ("minimum diversity"); (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

3

Case 1:24-cv-00384-CLC-CHS   Document 1   Filed 12/11/24   Page 3 of 6   PageID #: 3

15. WBCC is a Tennessee corporation with its principal place of business in Tennessee. (Compl. ¶9.) Plaintiff Dewey Mason is a citizen of Georgia. (Compl. ¶ 8.)  Additionally, the Plaintiff seeks to represent a national class as WBCC operates in multiple states. (Compl. ¶7.) Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" WBCC. *See* 28 U.S.C. § 1332(d)(2).

16. The proposed class consists of 100 or more individuals. (Compl. ¶ 7.)

17. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Although Plaintiff does not allege a specific amount in controversy in the Complaint, based on the class size, causes of action, and the request for compensatory damages, punitive damages, injunctive relief and attorney's fees, the amount in controversy will exceed $5,000,000 in the aggregate.

18. Upon filing this Notice of Removal, WBCC will file it along with the Complaint and Civil Summons with the Bradley County Chancery Court Clerk.

19. Pursuant to 28 U.S.C. § 1446(a), WBCC is attaching a copy of all process, pleadings and orders served upon it in this action as Exhibit B.

20. Pursuant to L.R. 3.1 (Eastern District of Tennessee), a copy of the Form JS-44 (Civil Cover Sheet) is attached as Exhibit C.

21. Pursuant to Fed. R. Civ. P. 7.1, a copy of the required Business Entity Disclosure is attached as Exhibit D.

22. Pursuant to Fed. R. Civ. P. 7.1, a copy of the required Certificate of Citizenship is attached as Exhibit E.

Dated: December 11, 2024

                                              Respectfully submitted,

/s/ *Rocklan W. King III*
Rocklan W. King III (BPR No. 030643)
Adams and Reese LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1041
Fax: (615) 259-1041
rocky.king@arlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 11, 2024 the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, and was served on Plaintiff by first-class mail and email as follows:

J. Gerard Stranch, IV (BPR# 023045)
Grayson Wells (BPR # 039658)
Miles Schiller (BOR # 041531)
Stranch, Jennings & Garvey, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mschiller@stranchlaw.com

*Counsel for Plaintiff and the Proposed Class*